[NOT FOR PUBLICATION NOT TO BE CITED AS PRECEDENT]
United States Court of Appeals
For the First Circuit

No. 98-2355

JOAN OLIVERI,

Plaintiff, Appellant,

v.

PAUL A. GARGANO,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Robert E. Keeton, U.S. District Judge]

Before

Boudin, Circuit Judge,
Campbell, Senior Circuit Judge,
and Stahl, Circuit Judge. 

Joan Oliveri on brief pro se.
Nancy L. Hall and Gargano & Associates, P.C. on brief for
appellee.

September 27, 1999

Per Curiam. Pro se appellant Joan Oliveri filed a
civil action in the district court, claiming that her
employment had been terminated in violation of the Americans
with Disabilities Act, 42 U.S.C. 12101 et seq. She appeals
from the court's grant of judgment as a matter of law in favor
of appellee Paul A. Gargano. We affirm for the following
reasons.
The district court granted judgment for the defendant
after a bench trial at which Oliveri testified and submitted
documents into evidence. On the basis of her testimony and the
documentary evidence, the court concluded that she had filed
her administrative claim against Gargano & Associates, P.C., a
professional corporation, as her employer. Ruling that the
distinction between Gargano, the individual, and the
professional corporation bearing his name applied even in the
employment discrimination context, the court concluded that
Oliveri could not bring the instant suit against Gargano
because she had not filed her administrative charge against
him. In so doing, the court adhered to the general rule that
plaintiffs asserting employment discrimination claims in a
civil action must previously have pursued an administrative
charge against the defendant named in the lawsuit. See Virgo
v. Riviera Beach Assoc., Ltd., 30 F.3d 1350, 1358-59 (11th Cir.
1994) (stating the general rule). 
On appeal, the appellant presents a single, very
narrow claim. She contends that she filed her administrative
charge against Gargano individually, but that, without her
knowledge, the investigating agency processed it as a charge
against the corporation. Significantly, she does not try to
show that, on the record before it, the court's contrary
factual finding that she named only the law firm was clearly
erroneous, and the trial record provides an adequate basis for
that finding. Nor does she challenge the validity of the
court's legal rulings, effectively waiving her right to
appellate review. See Whyte v. Connecticut Mutual Life Ins.
Co., 818 F.2d 1005, 1011 n.20 (1st Cir. 1987) (indicating that
an appellate court will not address issues not raised by the
parties except in instances where a gross miscarriage of
justice would result).
As for her contention that she filed administrative
charges against Gargano, this appears to be a new claim which
was not argued to the district court. For supporting evidence
Oliveri relies on a complaint intake form which she filled out
before filing her administrative complaint and before bringing
the instant suit. She did not submit the form to the district
court at trial or in any post-trial motion to amend or alter
judgment, although she knew of its existence. According to
established principles, this court will not review matters not
previously presented to the district court. See United States
v. Ocasio-Rivera, 991 F.2d 1, 3 (1st Cir. 1993) ("It is a
bedrock principle in this circuit that issues must be squarely
raised in the district court if they are to be preserved for
appeal.") (citations omitted). Under the circumstances, we
affirm the judgment below.
Affirmed.